**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT A. GEIS, et al., | : | CIVIL ACTION NO. 09-1396 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| TRICAM INDUSTRIES, INC., et al., | : |  |
| Defendants. | : |  |

The plaintiffs, Robert A. Geis ("Geis") and Kim Geis (collectively, "plaintiffs"), brought this action seeking damages for personal injuries incurred when Geis fell from a stepladder. The plaintiffs move to "redact and exclude at trial the history sections of all hospital and emergency medical transport records." (Dkt. entry no. 27, Not. of Mot.) Specifically, the plaintiffs object to the putative use by the defendant Tricam Industries, Inc. ("Tricam") of statements in two emergency transport service reports stating that Geis fell from a distance of six feet (the "challenged statements"). (Dkt. entry no. 27, Pl. Br. at 3-4.) The plaintiffs seek to bar from admission at trial the challenged statements as inadmissible hearsay not subject to any hearsay exception found in Federal Rule of Evidence 803 on the bases that (1) the declarant is unknown; (2) the statements were not made for the purpose of medical treatment

or diagnosis so as to fall within Federal Rule of Evidence 803(4); and (3) the statements are not business records that would fall within Federal Rule of Evidence 803(6).  (Pl. Br. at 5-7.)  Tricam opposes the motion, contending that the declarant of the challenged statements is Geis himself, and therefore constitute admissions by a party-opponent, which by definition are not hearsay.  (Dkt. entry no. 29, Tricam Br. at 2.)  Fed.R.Evid. 801(d)(2).  Alternatively, Tricam argues that even if the declarant is unknown, both the medical diagnosis or treatment exception and the business records exception to the hearsay rule provide for the admissibility of the challenged statements.  (Tricam Br. at 3-4, 9.)

**I.   The Challenged Statements**

The first challenged statement is contained in the "Flight Critical Care Notes" in the records for "MONOC Flight 1," a helicopter transport that was dispatched in response to a request by Great Bay EMS to pick up Geis at the scene of the accident and transport Geis to Atlantic City Medical Center.  (Dkt. entry no. 27, Gies Aff., Pa. 1-2.)[1]  The MONOC Flight 1 record states: "P[atien]t . . . was standing on a step ladder on his deck

---

[1] The plaintiffs' counsel labeled the pages of records attached to his affidavit as "Pa."  The Court presumes this is an abbreviation for "page," and retains the plaintiffs' labeling for purposes of this memorandum opinion.

outside his home when he fell off, falling approx. 6 ft. on to a grassy surface." (Id. at Pa. 2.)  The MONOC Flight 1 record is signed by Brian O'Neill, a critical care paramedic.  (Id. at Pa. 1-2.)

The second challenged statement is contained in the flight record for a helicopter transport that took Geis from Atlantic City Medical Center to Thomas Jefferson University Hospital. (Id. at Pa. 3.)  This record indicates that Geis's "present illness/injury" was "Spinal Injury - CENTRAL CORD SYNDROME," the "Mechanism of Injury" was "Falls-Accidental," and that the fall was "Distance - 1 - 6 Feet" and described as "> 3 Steps."  (Id.) It identifies the "Surface Landed on" as "Other WOOD DECK" and appears to have been prepared by Raymond Birkmire, the Flight Nurse.  (Id. at Pa. 3, 9.)

The plaintiffs seek to exclude any reference in the medical transport records to Geis's fall being from a distance of six feet because it contradicts Geis's position, which he characterizes as having been "consistent and . . . reaffirmed in his deposition testimony," that "the ladder twisted as he was descending from its first [bottom] rung and that he fell to the ground."  (Pl. Br. at 3; Gies Aff., Pa. 10, Thomas Jefferson Univ. Hospital "Trauma History & Physical Progress Notes" (stating that patient suffered a "fall on 4-18 from bottom rung

3

of ladder"); Pl. Dep. at 44:6-10, 48:5-49:6 (stating that Geis told emergency medical responders that he fell from bottom rung or first step of ladder).)

**II.   Identity of Declarant of Challenged Statements**

The identity of the declarant making the challenged statements must be ascertained in order to resolve the question of whether the challenged statements may be considered an admission by a party-opponent, and therefore not hearsay. Fed.R.Evid. 801(d)(2).  If the challenged statements are not admissions of a party-opponent, the identity of the declarant also has bearing on any determination as to whether either the business records or medical diagnosis exceptions to the hearsay rule would apply.

Tricam argues that the challenged statements "represent plaintiff's own statement to responding medical personnel" and that "it is evident from the records and the circumstances surrounding the generation of those records that the declarant is the plaintiff himself."  (Tricam Br. at 2-3.)  However, Tricam points to no support in the record for its assertion that Geis must have been the one to communicate the circumstances of the accident to emergency medical personnel.  The MONOC Flight 1 record does not identify who told the medic who authored the record, Brian O'Neill, the circumstances of Geis's fall.  That

record indicates that the MONOC Flight 1 was dispatched in response to a request by Great Bay EMS.  No source is identified for the challenged statement that Geis "fell off [a stepladder], falling approx. 6 ft. onto a grassy surface."  (Gies Aff., Pa. 2.)  Possible sources of the various statements contained within the "Critical Care Notes" include the patient himself, "BLS," and "MICU."  BLS and MICU are not defined or otherwise identified, but appear from context to be the first responders to arrive at the scene of Geis's accident, attend to Geis, and bring Geis to the helicopter landing zone.  There is simply no basis to conclude that Geis himself stated to O'Neill that he had fallen from a distance of six feet from the face of the MONOC Flight 1 record itself.  See Amerisource Corp. v. RxUSA Int'l Inc., No. 02-2514, 2009 WL 235648, at *3 (E.D.N.Y. Jan. 30, 2009) (noting inapplicability of hearsay exception where "the declarant's source is unidentified," and stating "[s]uch unreliable, untestable evidence cannot be offered to a jury.").

   The second challenged statement is even more cryptic with respect to the source of the statement, "Distance – 1 – 6 Feet." (Gies Aff., Pa. 3.)  Possible sources of the information contained in the second flight report are not identified, and the author of the record, Raymond Birkmire, merely notes in the "Narrative" that after his flight team was dispatched to

5

transport Geis, there was a "report received." (Id. at Pa. 9.) The Court finds no basis for assuming, as urged by Tricam, that Geis himself must have stated to Birkmire that he fell from a distance of one to six feet.

Because the records themselves do not indicate that Geis was the one to make the challenged statements, the challenged statements do not fall within the scope of Federal Rule of Evidence 801(d)(2). The challenged statements, to the extent Tricam intends to use them to prove the truth of the matter asserted, i.e., that Geis fell from a distance of six feet, are hearsay made by an unknown declarant or declarants, and may involve multiple levels of hearsay. The Pretrial Order does not list either O'Neill or Birkmire as a witness to be called to testify at trial, so the Court does not see how the identity of the unknown declarant(s) might be established as Geis through testimony. (Dkt. entry no. 25, Final Pretrial Order.) The challenged statements are therefore not admissible as statements made by a party-opponent, and we turn to the hearsay exceptions addressed by the parties.

**III. Medical Diagnosis Exception**

Federal Rule of Evidence 803(4) provides that "[s]tatements made for purposes of medical diagnosis or treatment describing medical history, or past or present symptoms, pain, or

6

sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment," are not excluded from the hearsay rule, regardless of the declarant's availability as a witness. Fed.R.Evid. 803(4). To fall within this exception to the hearsay rule, "the statement must be obtained from the person seeking treatment, or from someone with a special relationship to the person seeking treatment, such as a parent." 5 Weinstein's Fed. Evid. § 802.06[1] (2d ed. 2010).

Because the identity of the declarant is unclear with respect to both of the challenged statements, we cannot find that the medical diagnosis exception to the hearsay rule would provide for the admissibility of the challenged statements. See Samaan v. St. Joseph Hosp., 764 F.Supp.2d 238, 240 (D.Me. 2011) (granting motion in limine to exclude from evidence a letter from a physician as inadmissible hearsay, and declining to apply medical diagnosis exception, where letter did not "clarify the source of the patient history, whether it was from the patient, another medical record, an attorney, or a third party," and the proponent "ha[d] not explained the source of the information in the letter"); see also Miller v. Keating, 754 F.2d 507, 511-12 (3d Cir. 1985) (finding reversible error where trial court admitted anonymous declarant's excited utterance, due to

7

proponent's failure to establish that the unknown "declarant was in a position to have seen what happened" or that declarant "was excited when he spoke"). Given the uncertainty of the source of the hearsay statement, we need not address the parties' arguments as to whether the hearsay statements were actually relied upon for treatment or diagnosis. (Tricam Br. at 4-8; Pl. Br. at 6.)

**IV. Business Records Exception**

Tricam states that it "intends to qualify the records at issue as business records of the respective medical providers." (Tricam Br. at 3.) The business records exception to the hearsay rule provides for the admissibility of "records of regularly conducted activity . . . made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity" to make the record, "as shown by the testimony of the custodian or other qualified witness." Fed.R.Evid. 803(6). Thus, the business records exception requires that a witness lay a foundation for the admission of such hearsay evidence by testifying that (1) the declarant in the records had knowledge to make accurate statements; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course

8

of the business activity; and (4) such records were regularly kept by the business. United States v. Furst, 886 F.3d 558, 571 (3d Cir. 1989).

The Court has previously noted that neither of the apparent authors of the flight records containing the challenged statements are listed as putative witnesses in the Final Pretrial Order. (Final Pretrial Order at 2.) The only witnesses listed for both plaintiffs and defendants are the plaintiffs themselves, and Michael Roche. (Id.) The deposition testimony of both Robert Geis and Michael Roche indicates that neither proposed witness would either (1) be able to provide the proper foundation for admitting the flight records as business records, or (2) testify that Geis ever told anyone that he fell from a distance of six feet. Rather, the deposition testimony indicates that Geis told emergency medical responders that he fell while "getting off the bottom rung of the ladder" and did not tell anyone that he fell from a distance of six feet. (Pl. Dep. at 47:23-48:25.) Michael Roche was present at the scene of the accident and called for emergency medical services on behalf of Geis. (Pl. Dep. at 8:23-9:16, 47:18-22.) Roche testified that when he saw Geis lying on the ground, he assumed that Geis had fallen off the ladder, but if "an EMT, police officer, [or] hospital personnel" would have asked him about the circumstances

9

of the fall, "the most [Roche] said was that he fell," not that "he fell off the ladder," because he didn't "know [whether] that's exactly what happened." (Gies Aff., Roche Dep. at 66:16-67:13.)

The lack of identification of the declarant of the challenged statements prohibits the Court at this juncture from being able to make the necessary determination that the hearsay statements were made by "a person with knowledge" as to the accuracy of the challenged statements. See Miller, 754 F.2d at 511-12. It appears that the only witnesses to testify at trial will testify that the challenged statements are not accurate, and furthermore will be both unable and unwilling to lay the necessary foundation to show that the records containing the challenged statements otherwise meet the requirements of Federal Rule of Evidence 803(6). Accordingly, the challenged statements will not be admissible under the business records exception.

**V.   Conclusion**

For the foregoing reasons, the Court will grant the plaintiffs' motion to bar use of the challenged statements at trial. The Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    July 20, 2011